UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLARK B. JONES, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    Civil Action No.: 3:23-cv-1054 <br> ) |
| ACUREN INSPECTION, INC. | ) <br> ) |
| Defendant. | ) <br> ) |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446, Defendant Acuren Inspection, Inc. ("Acuren") removes this Action from the Connecticut Superior Court, Judicial District of Hartford to this Court. In support thereof, Acuren states:

### Background

1. On or about June 30, 2023, Plaintiff Clark B. Jones ("Plaintiff") filed a Complaint against Acuren in the Connecticut Superior Court, Judicial District of Hartford, No. HHD-CV-23-6171554-S (the "State Court Action"). See Exhibit A, Complaint.

2. In his Complaint in the State Court Action, Plaintiff alleges violations of the Connecticut Fair Employment Practices Act, C.G.S. §§ 46a-58(a), 46a-60(b)(1); the Palliative Use of Marijuana Act, C.G.S. § 21a-408p; and intentional and negligent infliction of emotional distress.

3. Acuren was served with the Complaint and Summons on or about July 6, 2023.

4. Pursuant to 28 U.S.C. § 1446(a), a true and accurate copy of all process, pleadings, and orders served upon Acuren and filed in the State Court Action are attached as Exhibit A.

1

## Venue

5.  The United States District Court for the District of Connecticut is the federal judicial district embracing the Judicial District of Hartford, where this action was originally filed. Therefore, pursuant to 28 U.S.C. § 101, 1441(a), assignment to the United States District Court for the District of Connecticut is proper.

## Grounds for Jurisdiction

6.  Pursuant to 28 U.S.C. § 1332(a)(1), this Court has diversity jurisdiction because the Complaint is a civil action between citizens of different States, with more than $75,000.00 in controversy, exclusive of interest and costs.

7.  Plaintiff alleges that he is a resident of Connecticut. *See* Compl., ¶ 1.

8.  Defendant Acuren Inspection, Inc. is a Delaware corporation whose operations are dispersed throughout the United States, including a principal place of business at 17146 Feather Craft Lane, Suite 475, Webster, Texas. Therefore, Acuren is a citizen of Delaware and Texas. *See* 28 U.S.C. § 1332(c)(1).

9.  Plaintiff earned an average weekly wage of $959.20 at the time of his resignation from employment on or about December 31, 2021. This Notice of Removal is filed approximately 83.4 weeks following Plaintiff's resignation. Plaintiff claims lost wages in his Complaint. *See* Compl., ¶ 33. Therefore, the amount in controversy is at least $79,750. *See Howard v. Anthem, Inc.*, __ F. Supp. 3d. __, 2022 WL 15261908, at *3 (D. Conn. Oct. 26, 2022) ("[C]ourts in [the Second] [C]ircuit have held that a potential award for back pay should be calculated from the date of the termination through the date the defendant files the notice of removal.").

10. In addition to lost wages, Plaintiff also claims lost benefits and damages for physical pain and emotional distress. *See* Compl. ¶ 33. Such amounts should also be considered

when determining the amount in controversy. *See Howard*, 2022 WL 15261908, at *4 ("Given that a potential back pay award would already exceed the $75,000 amount in controversy, even a nominal emotional distress damages award would only serve to solidify that the federal jurisdictional threshold has been met.").

## Notice of Removal is Timely

11. Acuren was served with the Complaint on July 6, 2023. Acuren has filed this Notice of Removal within thirty (30) days of service of the Complaint and, therefore, it is timely pursuant to 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (period for removal under 28 U.S.C. § 1446(b) begins to run only after a defendant is brought under the court's authority by service of process).

## Notice to State Court

12. Pursuant to 28 U.S.C. § 1446(d), undersigned counsel has filed written notice of removal with the Clerk of the Connecticut Superior Court, Judicial District of Hartford, and served the same on counsel for Plaintiff.

WHEREFORE, Acuren hereby removes the State Court Action to this Court's jurisdiction.

Dated: August 7, 2023

Respectfully submitted,

ACUREN INSPECTION, INC.,

By its counsel,

*/s/ Jonathan D. Persky*
Jonathan D. Persky (ct30739)
  jpersky@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE LLP
535 Boylston Street, Suite 902
Boston, MA 02116
Telephone: 617.849.7880
Facsimile: 617.849.7870

9873413v1

## CERTIFICATE OF SERVICE

      I, Jonathan D. Persky, hereby certify that, on August 7, 2023, a true and correct copy of the foregoing document was electronically filed through the Court's CM/ECF system and was served upon counsel of record for the Plaintiff via electronic mail.

                                                        */s/ Jonathan D. Persky*

9873413v1